IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **HURST BOILER & WELDING CO., INC.,** | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 7:22-cv-4-WLS |
| **POWER RESOURCE GROUP, LLC,** | : | |
| Defendant, | : | |

## ORDER

This case has been stayed since February 15, 2022,[1] and is currently before the Court on the Parties' thirteenth Joint Status Report Requesting Further Continuation of the Stay (Doc. 33) ("Motion") filed February 11, 2025. Therein, the Parties request that the stay of the case remain in place for an additional thirty (30) days or through March 14, 2025.

The Parties previously notified the Court that on November 7, 2024, the arbitration panel entered an award in connection with the disputes between the Parties, including the promissory note that is the subject of the litigation in this case. (*See* Doc. 29). Since that time, the Parties have requested, and the Court has permitted, the stay remain in effect until February 12, 2025, to allow Defendant to obtain new counsel, for the Parties to confer as to the necessity of, and to conduct, any further proceedings in this matter, and to allow the Parties to exhaust all settlement efforts to potentially obviate the necessity for further litigation. (*See* Docs. 30–32).

In their current Motion, the Parties notify the Court that in light of the arbitration award, they are continuing to discuss settlement and a resolution of all issues between the Parties and related parties in North Carolina. To that end, Defendant produced documents

---

[1] The Parties have kept the Court apprised of the progress of their mediation and/or arbitration, and the Court has allowed the stay to remain in place based on the representations of the Parties in their status reports. (*See* Status Reports and Joint Motions Docs. 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31 and Orders Docs. 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32).

and information pertaining to Defendant's financial status and additional informal discovery related to Defendant's financial status is anticipated. The Parties state they believe an additional continuance of thirty (30) days or until March 14, 2025, is in the interest of judicial economy to allow them to continue their settlement efforts so as to potentially avoid future litigation.

Based on the foregoing, and for good cause shown, the Parties' Motion (Doc. 33) is **GRANTED**. It is hereby **ORDERED** that this action will remain **STAYED** until **Friday, March 14, 2025**.

**SO ORDERED**, this 13th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2