IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

HURST BOILER & WELDING CO., INC.,   :
                                             :
     **Plaintiff,**                       :
                                             :
**v.**                                            :     **CASE NO. 7:22-cv-4–WLS**
                                           :
**POWER RESOURCE GROUP, LLC,**     :
                                           :
     **Defendant,**                    :

## ORDER

Before the Court is Plaintiff Hurst Boiler & Welding Co., Inc.'s ("Hurst") Motion to Confirm Arbitration Award (Doc. 44) ("Motion to Confirm"). Therein, Hurst requests that the Court issue an Order confirming an arbitration award in favor of Hurst relating to Defendant Power Resource Group, LLC's ("PRG" and together with Hurst, the "Parties") default of a $1,500,000.00 promissory note ("Note") due to Hurst. PRG did not file a timely response to the Motion to Confirm and this matter is ripe for decision.

Pursuant to a Joint Motion to Stay Action Pending Arbitration (Doc. 7) ("Joint Motion to Stay"), the Parties notified the Court that they had reached an agreement to submit the issues presented in this action to arbitration, together with other issues that were pending between Hurst and PRG and Carolina Poultry Power RG1, LLC ("CPP"), an entity related to PRG. (Doc. 7 at 1–2, Doc. 44 at 2). The arbitration was subject to the Federal Arbitration Act and the North Carolina Revised Uniform Arbitration Act. (Doc. 7 at 1–2; *see also* Doc. 8 (Order Staying Action Pending Arbitration)). The Parties further agreed that Georgia law applies with respect to the Note. (Doc. 7 at 2). Finally, the Parties agreed to report to this Court upon the "conclusion of the arbitration proceeding whether the stay should be lifted, whether an order should be entered to confirm an award in arbitration, or whether the action may be dismissed." (*Id.*). This case was stayed February 15, 2022, pending the arbitration. (Doc. 8).

On November 7, 2024, the arbitration Panel transmitted its award dated and effective as of November 1, 2024 (Doc. 49-2) ("Award").[1] Therein, the Panel awarded Hurst the full amount of principal, interest and attorneys' fees due under the Note. (Doc. 49-2 at 65). As of November 1, 2024, the panel calculated the total principal, interest, and attorneys' fees due to Hurst was $2,935,600.06. (*Id.* at 65–66). "Thereafter, through payment or entry of any judgment on this award, interest would continue to accrue at $708.82/day and Hurst would be entitled to 15% of the total additionally accrued interest as additional attorneys' fees." (*Id.* at 66).

Pursuant to the Federal Arbitration Act and the agreement made between the Parties as reflected in their Joint Motion to Stay, Hurst now seeks an order under the Federal Arbitration Act 9 U.S.C. § 9, confirming the Award dated November 7, 2024, rendered in the arbitration before JAMS, and entry of judgment thereon under 9 U.S.C. § 13. (Doc. 44 at 5). Hurst also states that this "Court is the proper jurisdiction and venue to enforce the [A]ward." (*Id.* at 4).

The Arbitration Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. As noted above, PRG did not file a response to the Motion to Confirm. Neither did it move to vacate, modify or correct the Award. In the Joint Motion to Stay, the Parties specified this Court as the Court in which a motion to confirm the Award would be filed with respect to Hurst and PRG. Further, the Note which is the subject of this case and arbitration between Hurst and PRG provides that the Note is to be governed by, construed, and enforced in accordance with the laws of the State of Georgia, PRG consented to personal jurisdiction in the State of Georgia, and that venue for any action arising under this Note shall be Thomas

---

[1] Although Hurst's Motion to Confirm stated that a true and correct copy of the Award was attached as Exhibit A, the copy was not attached to that motion. Hurst was ordered to, and did, file a copy of the Award in the Record. (*See* Docs. 48 and 49-2). Further, although the Motion to Confirm referenced a redacted version of the Award, the copy filed by Hurst has not been redacted.

County, Georgia, which is in the Middle District of Georgia. (Doc. 49-1 at 2). Accordingly, this Court has subject-matter jurisdiction over the Award as to Hurst and PRG[2] and is obligated to enforce and confirm the Award as between Hurst and PRG. 9 U.S.C. § 9.

Based on the Motion to Confirm, the Parties' agreement reflected in the Joint Motion to Stay, the terms of the Note, the Award (Doc. 49-2 at 65–66, 68–69), the Federal Arbitration Act, and the Court's findings, the presented Award with respect to the Parties to this action, Hurst Boiler & Welding Co., Inc. and Power Resource Group, LLC, is **CONFIRMED**.

Judgment in favor of Hurst Boiler & Welding Co., Inc. and against Defendant Power Resource Group, LLC, is hereby **ORDERED** in the total amount of $3,157,318.96 (representing (1) $2,935,600.06 principal, interest, and attorney's fees as awarded by the Panel effective November 1, 2024; (2) $192,799.04 interest accrued after November 1, 2024, at the rate of $708.82 per day for 271 days from November 1, 2024 through entry of this Order and final Judgment on July 31, 2025; and (3) $28,919.86 attorney's fees accrued after November 1, 2024, in the amount of 15 percent of the total additional accrued interest. (Doc. 49-2 at 66)).

It is further **ORDERED** that the Court retains jurisdiction to enforce this Order.

**SO ORDERED**, this 31st day of July 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] This Court has not been asked to, nor does it, make any findings with respect to any other awards to Hurst, PRG, CPP, or any other parties involved in the arbitration award dated and effective as of November 1, 2024. (Doc. 49-2).